OMEED TABIEI (SBN: 313967)
OMEED LAW
4860 Hazeltine Ave., #4
Sherman Oaks, CA 91423
(202) 812-4120
Omeed@Omeedlaw.com

Attorney for Plaintiff Tyler Spangler

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| Tyler Spangler,<br><br>        Plaintiff,<br><br>        vs.<br><br>Adobe Inc.; Wavebreak Media Ltd.; Does 1-10;<br><br>        Defendants | Civil Action No. 2:21-CV-2445<br><br>1. Complaint for Copyright Infringement<br><br>2. False Designation of Origin, False Descriptions, and Dilution Forbidden<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff, by and through their attorney of record, alleges as follows:

**INTRODUCTION**

1.     Plaintiff is a well-known digital artist engaged in the creation of original artwork for a variety of high-end brands.  Plaintiff's artworks are original and Tyler Spangler owns exclusive rights to unique two-dimensional graphic artworks for use in prints, advertising, social media, and other mediums.  Plaintiff owns these designs in exclusivity and makes sales of products bearing these designs for profit.  Plaintiff's business is predicated on its ownership of these designs and

-1-

1   spends a considerable amount of time and resources creating top-quality,

2   marketable and aesthetically-appealing designs. Customers of Plaintiff, including

3   possible DOE defendants named herein, are fully aware that they can only utilize

4   Plaintiff's artworks to reproduce said designs, should they wish to do so, with a

5   written agreement and grant of licensing rights from Plaintiff, and that they will

6   not seek to make minor changes to Plaintiff's proprietary work to reproduce the

7   same elsewhere. They are also aware that use of these designs in furtherance of

8   their business is in violation of both their contractual agreement with Plaintiff and

9   Plaintiff's copyrights. No other party is authorized to make sales of product

10  bearing Plaintiff's proprietary designs without express permission from

11  Plaintiff. This action is brought to recover damages for direct, vicarious and

12  contributory copyright infringement arising out of the misappropriation of

13  Plaintiff's exclusive designs by the Defendants, and each of them.

14

15

16                                    **PARTIES**

17  2.     Plaintiff Tyler Spangler (hereinafter, "Mr. Spangler") is an artist based in

18  Seattle, Washington whose work has been featured and sold on many well-known

19  platforms and in collaboration with widely known brands.

20  3.     Defendant Adobe Inc. (hereinafter "Adobe") principally resides in Seattle,

21  WA but has offices in Los Angeles, CA located at 3640 Holdrege Ave, Los

22  Angeles, CA 90016.

23  4.     Wavebreak Media Ltd. (hereinafter "Wavebreak") is a private limited

24  company with offices in Ireland. Wavebreak was engaged by Adobe Inc. to create

25  content for the Adobe Spark platform. Wavebreak created the unauthorized

26  artwork that was published by Adobe Inc. and it infringes on Mr. Spangler's

27  copyrights.

28

5.     The true names and capacities of Defendants Does 1 through 10 are presently unknown to Mr. Spangler, who therefore sues them by such fictitious names. Mr. Spangler is informed and believes that each of the fictitiously named defendants is responsible in some capacity for matters herein alleged. Mr. Spangler will amend this complaint to state the true names and capacities of Does 1 through 10 when they are ascertained.

6.     Defendants DOES 1 through 10, inclusive, are other parties not yet identified who have infringed Plaintiff's copyrights, have contributed to the infringement of Plaintiff's copyrights, or have engaged in one or more of the wrongful practices alleged herein. The true names, whether corporate, individual or otherwise, and capacities of defendants sued herein as Does 1 through 10 are presently unknown to Plaintiff at this time, and therefore, Plaintiff sues said defendants by such fictitious names.  Plaintiff will seek leave to amend this complaint to allege their true names and capacities when the same have been ascertained.

7.     Plaintiff is informed and believes and thereupon alleges that at all times relevant hereto each of Defendants acted in concert with each other, was the agent, affiliate, officer, director, manager, principal, alter-ego, and/or employee of the remaining defendants and was at all times acting within the scope of such agency, affiliation, alter-ego relationship and/or employment; and actively participated in or subsequently rarified and adopted, or both, each and all of the acts or conducts alleged, with full knowledge of all the facts and circumstances, including without limitation to full knowledge of each and every wrongful conduct and Plaintiff's damages caused therefrom.

**Jurisdiction and Venue**

8.     This is a civil action seeking damages and injunctive relief for copyright infringement under the Copyright Act of the United States, 17 U.S.C § 101, et seq.

9.     The Court has original subject matter jurisdiction over copyright claims pursuant to 28 U.S.C. § 331 and 1338(a).

10.    This Court has personal jurisdiction over Defendants because, among other things, Defendants are doing business in the State of California and in this judicial district and acts of infringement complained of herein occurred in the State of California and in this judicial district.

11.    Venue is proper in this district pursuant to 28 U.S.C. §§ 1391(b) and (c) because this infringement occurred in this district, and each Defendant either resides in this district or has substantial and continuous ties to this district.

## FACTUAL ALLEGATIONS

12.    Plaintiff Tyler Spangler is a well-known digital artist with over 300,000 followers on Instagram. He has created artworks for clients such as: Adobe, Chanel, Coach, Facebook, Hermés, Instagram, Nike and Starbucks. He also has his own popular online store where he sells his artworks.

13.    Plaintiff is the owner and author of a visual artwork called "You Would Be Surprised What You're Capable Of" ("Subject Design").

14.    Plaintiff applied for a copyright from the United States Copyright Office for the Subject Design and was granted Registration VAu 1-141-162 effective on December 8, 2020.

15.    Tyler first created the Subject Design on or about October 22, 2018.

16.    On or about October 22, 2018 Mr. Spangler posted a digital image of the Subject Design on his Instagram account (@Tyler_Spangler).

17.    On February 4, 2019 Mr. Spangler posted a digital image of the Subject Design on his account on Bēhance, a platform owned and operated by Adobe Inc.

18.    Mr. Spangler received 6,336 likes on his post on Instagram. He also sold a considerable number of products bearing the Subject Design. It is one of his most recognizable artworks.

19.   The Subject Design is an artwork created by Mr. Spangler. Mr. Spangler creates his artworks based on phrases that are uniquely relevant to ongoings in his life. Plaintiff's art is a way to reinforce motivation and support for his commitment to personal development and self-improvement.

20.   The artwork is created in a style that has become synonymous with Tyler Spangler's artworks. His artworks can be described as colorful, resembling a flyer or a poster, related to mental health, and resembling the psychedelic style of the 60s.

21.   Mr. Spangler depends on his art to make a living, and Adobe Inc. is a company that has established a brand of supporting, encouraging and giving artists the tools they need to create their artworks.

22.   Adobe is the creator of platforms such as Adobe Photoshop, Adobe Spark, Adobe Illustrator and many more products that are integral to many artists and aspiring artists. Adobe has positioned itself as a hero and champion for artists worldwide. There is no other platform as widely used by artists as the suite of Adobe products.

23.   Mr. Spangler worked on the Adobe Font Fridays campaign that was a collaboration between Adobe Inc. and Kvell. Mr. Spangler was hired by Kvell who was hired by Adobe Inc. to create the Font Fridays campaign for Adobe Inc. Mr. Spangler contributed two artworks to the Adobe and Kvell campaign.

24.   Despite Adobe Inc's positioning as a hero and champion for artists worldwide, after becoming familiar with Mr. Spangler's work, Adobe Inc. intentionally chose to copy Mr. Spangler's artwork, use it without his permission for their profit and Adobe Inc. even went as far as to give credit to a different artist for the starry background utilized in the infringing artwork they published.

1

2

3

**YOU WOULD BE SURPRISED WHAT YOU'RE CAPABLE OF**

  

**Tyler Spangler's**          **Infringing Artwork**
**Copyrighted Artwork**

25.   Tyler's art and style has become so recognizable in fact, that it was one of Tyler's fans that alerted him to the infringement.

26.   Tyler's fan recognized the artwork published on Adobe's website, Adobe Spark, and also took note of the fact that Tyler was not credited on the artwork. But rather, the name that was credited on the image was Paul Gilmore, who was the creator of the background that was used in the unauthorized image that bears a similarity to the background in Mr. Spangler's artwork.

**ADOBE'S INFRINGING ACTIVITIES**

27.   Adobe was founded in December 1982. According to Adobe Inc.'s website, Adobe is a software company that currently offers products and services through three segments: digital media, digital experience and publishing.

28.   Adobe owns the Creative Cloud, which is a collection of 20+ apps and services for photography, design, video, drawing, illustration and more.

29.   Adobe owns a platform known as Bēhance, which Adobe created for artists to showcase and discover the work of other artists.

-6-

30.   On their website, Adobe markets their creative cloud by encouraging customers to purchase and join their global creative community.

31.   Article 6.2 of Adobe's Terms of Use state, "You must not misuse the Services or Software. For example, you must not: Share Content or Creative Cloud Customer Fonts or otherwise engage in behavior that violates anyone's Intellectual Property Rights."

32.   Article 19 of Adobe's Terms of Use states, "we respect the Intellectual Property Rights of others, and we expect our users to do the same."

33.   On Adobe's Bēhance website community rules, they state, "Don't present other people's work as your own or overstate your own role in creating something. If you aren't sure whether your use of someone else's content or trademark in your own work is legal, you can consult publicly available reference materials at the U.S. Copyright website, the U.S. Patent & Trademark Office website, the Lumen Project website, or talk to an intellectual property attorney."

34.   And further speaking to how Adobe has established itself as the champion for artists and protector of their intellectual property rights, on October 20, 2019 Adobe announced that they are launching the "Content Authenticity Initiative to address the challenges of deepfakes and deceptively manipulated content. Adobe's heritage is built on trustworthy creative solutions, and the CAI's mission is to increase trust and transparency online with an industry-wide attribution framework that empowers creatives and consumers alike."

35.   This Content Authenticity Initiative was put forward as an effort by Adobe to help creatives and artists thwart digital art theft. The irony is the extent to which Adobe has gone to give lip service to how important preservation of intellectual property rights is, only for Adobe Inc. and Wavebreak Media Ltd. to egregiously violate Mr. Spangler's intellectual property rights.

COMPLAINT

**WAVEBREAK'S INFRINGING ACTIVITIES**

36.    From Wavebreak's website homepage, "Wavebreak Media is a leading creator of premium content."

37.    Adobe alleges that Wavebreak was the creator of the infringing artwork, and that Adobe Inc. only published the unauthorized artwork created by Wavebreak.

38.    Adobe Inc. hired Wavebreak Media Ltd. for the purposes of creating content, in this instance, for the Adobe Spark platform.

39.    The Adobe Spark platform, according to the website, is used to "create social graphics, web pages, and short videos in minutes."

40.    Having been previously acquainted with Mr. Spangler's work after the Kvell and Adobe Font Fridays collaboration campaign that Mr. Spangler provided art for, Adobe saw and liked Mr. Spangler's work, which was a perfect fit for their platforms.

41.    Adobe and Wavebreak thought they could get away with the infringement because they changed some aspects of the artwork, but the artworks are strikingly similar.

42.    Adobe Inc. went as far as to give Paul Gilmore credit and attribution for the background of the artwork, as can be seen here:



43.   Mr. Spangler has established a great deal of his livelihood through being credited for his work on platforms such as Adobe Spark. Defendants created and published the Subject Design without permission and built their goodwill at Mr. Spangler's expense.

44.   This lawsuit seeks all damages to which Mr. Spangler is entitled for the unlawful acts of Defendants.

45.   Plaintiff is informed and believes and thereon alleges that Defendants, each of them, had access to the Subject Design, including without limitation, through access to Plaintiff's Subject Design that was displayed on the Adobe owned platform Bēhance.

46.   Plaintiff is informed and believes and thereon alleges that, without Plaintiff's authorization, Defendants purchased, sold, marketed, advertised, distributed, caused to be manufactured, imported and/or distributed artworks featuring a design which is identical, or substantially similar to, the Subject Design.

**FIRST CLAIM FOR RELIEF**
**COPYRIGHT INFRINGEMENT – 17 U.S.C. §§ 106, ET SEQ.**
**(WILLFUL, DIRECT, CONTRIBUTORY, VICARIOUS)**
**(AGAINST ALL DEFENDANTS)**

47.   Mr. Spangler re-alleges the allegations in Paragraphs 1 through 32.

48.   Upon information and belief, Defendants have produced, reproduced, prepared derivative works based upon, distributed, and publicly displayed Mr. Spangler's protected work or derivatives of Mr. Spangler's protected work without his consent. Defendants' acts violate Mr. Spangler's exclusive rights under the Copyright Act, 17 U.S.C. §§ 106 and 501, including Mr. Spangler's exclusive rights to produce, reproduce, and distribute copies of his work, to create derivative works and to publicly display his work.

49.   Defendants' infringement has been undertaken knowingly, and with intent to financially gain from Mr. Spangler's protected and copyrighted work. Defendants

have failed to exercise their right and ability to supervise persons within their control to prevent infringement, and they did so with intent to further their financial interest in the infringement of Mr. Spangler's Subject Design. Accordingly, Defendants have directly, contributorily and vicariously infringed Mr. Spangler's copyrighted work.

50.   Because of Defendants' infringing acts, Mr. Spangler is entitled to his actual damages and Defendants' profits attributed in an amount to be proved at trial and all other relief allowed under the Copyright Act. Defendants' infringement has caused and is causing irreparable harm to Mr. Spangler, for which he has no adequate remedy at law. Unless this Court restrains Defendants from infringing Mr. Spangler's protected work, the harm will continue to occur in the future. Accordingly, Mr. Spangler is entitled to preliminary and permanent injunction.

51.   Defendants' acts of copyright infringement as alleged above were, and continue to be, willful, intentional and malicious, subjecting Defendants, and each of them, to liability for statutory damages under Section 504(c)(2) of the Copyright Act in the sum of up to one hundred fifty thousand dollars ($150,000) per infringement. Further, Defendants willfully and intentionally misappropriated and/or infringed Plaintiff's copyrighted Subject Design, which renders Defendants, and each of them, liable for the enhanced and statutory damages as described herein. Within the time permitted by law, Plaintiff will make its election between actual damages and statutory damages.

**SECOND CLAIM FOR RELIEF**
**(For Vicarious Copyright Infringement)**

52.   Plaintiff repeats, re-alleges and incorporates herein by reference as though fully set forth the allegations contained in Paragraphs 1 through 52, inclusive, of this Complaint.

53.   Plaintiff is informed and believes and thereon alleges that Defendants knowingly induced, participated in, aided and abetted in and resultantly profited

from the illegal reproduction, importation, purchase, marketing, advertisement, distribution and/or sales of product featuring the Subject Design as alleged herein above.

54.   Plaintiff is informed and believes and thereon alleges that Defendants are vicariously liable for the infringement alleged herein because they had the right and ability to supervise the infringing conduct and because they had a direct financial interest in the infringing product.

55.   By reason of the Defendants' acts of contributory and/or vicarious infringement as alleged above, Plaintiff has suffered and will continue to suffer substantial damages to its business in an amount to be established at trial, as well as additional general and special damages in an amount to be established at trial.

56.   Due to Defendants' acts of contributory and/or vicarious copyright infringement as alleged herein, Defendants have obtained direct and indirect profits they would have not otherwise realized but for its infringement of the Subject Design.   As such, Plaintiff is entitled to disgorgement of Defendants' profits directly and indirectly attributable to Defendants' infringement of the Subject Design, an amount to be established at trial.

57.   Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, have committed acts of infringement alleged herein with actual or constructive knowledge of Plaintiff's rights such that Plaintiff is entitled to a finding of willful infringement.

58.   Plaintiff is informed and believes and thereon alleges that Defendants infringed Plaintiff's copyrights with knowledge that Plaintiff owned the exclusive rights in the Subject Designs, and that Defendants' acts described herein constituted infringement, and/or that Defendants, and each, were reckless in committing the infringement alleged herein.

59.   Per the above, Defendants' acts of copyright infringement as alleged above were, and continue to be, willful, intentional and malicious, subjecting

COMPLAINT

1  Defendants, and each of them, to liability for statutory damages under Section

2  504(c)(2) of the Copyright Act in the sum of up to one hundred fifty thousand

3  dollars ($150,000) per infringement. Further, Defendants willfully and

4  intentionally misappropriated and/or infringed Plaintiff's copyrighted Subject

5  Design, which renders Defendants, and each of them, liable for the enhanced and

6  statutory damages as described herein. Within the time permitted by law, Plaintiff

7  will make its election between actual damages and statutory damages.

8

9  **SECOND CLAIM FOR RELIEF**
   **15 U.S.C. § 1125**

10 **FALSE DESIGNATION OF ORIGIN, FALSE DESCRIPTIONS, AND DILUTION**
   **FORBIDDEN**
   **(AGAINST ALL DEFENDANTS)**

11

12 60.   Mr. Spangler re-alleges the allegations in Paragraphs 1 through 59.

13 61.   15 U.S.C. § 1125 prohibits, "uses in commerce any word, term, symbol, or

14 device, or any combination thereof, or any false designation of origin, false or

15 misleading description of fact, or false or misleading representation of fact, which

16 is likely to cause confusion, or to cause mistake, or to deceive as the affiliation,

17 connection, or association of such person with another person, or as to the origin,

18 sponsorship, or approval of his or her goods, services, or commercial activities by

19 another person."

20 62.   By engaging in the alleged conduct, Defendants have engaged in the use in

21 commerce of a combination of words, terms, symbols and devices likely to cause

22 confusion as to the affiliation, connection or association of Mr. Spangler with

23 Defendants with respect to the unauthorized artwork.

24 63.   As an actual and proximate result of Defendants' false designation of origin,

25 Defendants have unjustly enriched themselves by, among other things, depriving

26 Mr. Spangler of the compensation to which he is rightly entitled and taking credit

27 for Mr. Spangler's work. Mr. Spangler is thus entitled to restitution of such sums

28 in an amount to be proved at trial.

**PRAYER FOR RELIEF**

Plaintiff Tyler Spangler prays for judgment in his favor against Defendants, and each Defendant, as follows:

A. That Defendants' products and materials that infringe on Mr. Spangler's copyright, as well as any other articles that contain or embody copies of Mr. Spangler's original work, be impounded pursuant to 17 U.S.C. § 503(a);

B. That Defendants' products and materials that infringe on Mr. Spangler's copyright as well as any other articles that contain or embody copies of Mr. Spangler's original work, be destroyed pursuant to 17 U.S.C. § 503(b);

C. That Defendants be required to provide a full accounting to Mr. Spangler of all profits, benefits and goodwill derived from their use of You Would Be Surprised What You're Capable Of and their production, reproduction, and preparation of derivative works based on distribution, and display of unauthorized You Would Be Surprised What You're Capable Of in all media, from all sources, worldwide;

D. That Defendants be ordered to pay Mr. Spangler all damages, including future damages, that Mr. Spangler has sustained or will sustain as a result of the acts complained of herein, and that Mr. Spangler be awarded any profits derived by Defendants as a result of said acts, or as determined by said accounting;

E. That Defendants be ordered to pay Mr. Spangler punitive damages as a result of Defendants' deliberate and willful misconduct;

F. That Defendants be ordered to pay Mr. Spangler pre-judgment and post-judgment interest on all applicable damages.

G. That Defendants be permanently enjoined from all further infringement of You Would Be Surprised What You're Capable Of; and

H. Such other or further relief as the Court may deem proper.

COMPLAINT

DEMAND FOR JURY TRIAL

Respectfully submitted,

Dated:  March 18, 2020

                                             OMEED LAW


                                             By: _Omeed Tabiei_____
                                                     OMEED TABIEI, ESQ.

**COMPLAINT**